UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLA BUTLER,                                          :
                                                      :
                                                      :
                                    Plaintiff,        :
                  -against-                           :            **COMPLAINT**
                                                      :
THE ALL AMERICAN BAR ON FIRST AVENUE :
INC. d/b/a AMERICAN BAR, 58 E. 34TH ST.               :            **FLSA COLLECTIVE ACTION**
WINGS LODGE INC. d/b/a MURRAY BAR,                    :
ROBERT J. GEROLA, JR., & ROBERT                       :
O'ROURKE,                                             :
                                                      :
                                    Defendants.       :
-------------------------------------------------------------X

Plaintiff ALLA BUTLER, by and through her attorneys, alleges upon personal knowledge as to

herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff ALLA BUTLER ("Plaintiff") was employed by Defendants THE ALL

AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR, 58 E. 34TH ST.  WINGS

LODGE INC. d/b/a MURRAY BAR, ROBERT J. GEROLA, JR., & ROBERT O'ROURKE,

(collectively referred to herein as "Defendants") as a bartender, a non-exempt food service employee,

subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter

referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* and the New York Labor Law (hereinafter

referred to as "NYLL").

2.      Plaintiff brings this action, on behalf of herself and the FLSA Collective Action

Members, to remedy Defendants' violations of the FLSA and seeks unpaid minimum wages, unpaid

overtime pay, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and

equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

1

3.      Plaintiff also brings this action to remedy violations of the NYLL, including NYLL §§ 190 et seq., §§ 650 et seq., and 12 NYCRR § 146.  Plaintiff seeks unpaid minimum wages, unpaid overtime, unpaid spread of hours, unlawful deductions, tips, liquidated damages, statutory interest, statutory penalties, attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the NYLL.

<h3 align="center">JURISDICTION AND VENUE</h3>

4.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

<h3 align="center">PARTIES</h3>

7.      Plaintiff ALLA BUTLER resides in the County of New York in the State of New York.

8.      Defendant THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR ("American Bar") is a New York Corporation with its place of business located at 1471 First Avenue in New York City.

9.      Defendant 58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR ("Murray Bar") is a New York Corporation with its place of business located at 58 East 34th Street in New York City.

10.     Defendant ROBERT J. GEROLA is an "employer" of Plaintiff and the FLSA Collective Action Members pursuant to the FLSA and NYLL.

11.     Defendant ROBERT J. GEROLA, is the owner, chairman/chief executive officer, President and/or Manager of Defendants American Bar and Murray Bar.

12.     Defendant ROBERT J. GEROLA has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Action Members.

13.     Defendant ROBERT J. GEROLA at all relevant times supervised the day-to-day operations of Defendants American Bar and Murray Bar.

14.     Defendant ROBERT O'ROURKE is an "employer" of Plaintiff and the FLSA Collective Action Members pursuant to the FLSA and NYLL.

15.     Defendant ROBERT O'ROURKE, is the owner, chairman/chief executive officer, President and/or Manager of Defendants American Bar and Murray Bar.

16.     Defendant ROBERT O'ROURKE has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Action Members.

17.     Defendant ROBERT O'ROURKE at all relevant times supervised the day-to-day operations of Defendants American Bar and Murray Bar.

18.     Defendants grossed more than $500,000.00 in each of the last three calendar years.

19.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

20.     At all times relevant hereto, Defendants employed Plaintiff and the FLSA Collective Action Members, who was regularly employed by Defendants' enterprise and engaged in commerce or

the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

21.    At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

## COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiff brings the First and Second Causes of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and others similarly situated (the "FLSA Collective Action Members"), which shall include:

> All persons who work or worked for Defendants as a non-exempt food-service employee at any time beginning three years prior to the filing of the original Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

23.    At all relevant times, Plaintiff and the FLSA Collective Action Members have had substantially similar job requirements, job duties, and pay provisions, and have been subject to Defendants' decisions, polices, plans, practices, procedures, routines, and rules to willfully fail and refuse to pay them the required minimum wages as well as overtime for all hours worked in excess of forty in a workweek.

24.    The claims of the Plaintiff are essentially the same as those of the other FLSA Collective Action Members.

25.    Other FLSA Collective Action Members currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this

4

action as a collective action under the FLSA will provide the FLSA Collective Action Members with notice of the action and allow them to opt in to such an action if they so choose.

26.     The First and Second Causes of Action are properly brought under, and maintained as an opt-in collective action pursuant to, §216(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Action Members are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available on records that Defendants are legally required to maintain.

### FACTUAL ALLEGATIONS

27.     At all times relevant hereto, Defendants owned and operated several bars.

28.     Defendants operated a sports bar named American Bar, serving beer and alcoholic drinks while offering live music, dartboards & HDTVs, located at 1471 First Avenue in New York City.

29.     Defendants also operated a sports bar named Marshall Street Bar & Restaurant, located on 306 East 49th Street in New York City.

30.     Defendants also operated a sports bar named Murray Bar, also serving beer and alcoholic drinks and featuring a pool table, as well as a full menu of burgers and other bar food.  Murray Bar was located at 58 E. 34TH Street in New York City.

31.     To work at their bars, Defendants employed Plaintiff and the FLSA Collective Action Members.

32.     Defendants employed Plaintiff from in or about the end of 2012 until December 12, 2020, as an "bartender".

33.     Throughout her employment with Defendants, Plaintiff was primarily assigned to work for Defendants at the American Bar.

34.     The American Bar is open seven (7) days a week – with a day shift from 12 PM until 7:45 PM and a night shift from 7:45 PM until as late as 5:00 or 5:30 AM on the weekends.

35.     Defendants assigned Plaintiff to work in the American Bar on Thursday, Friday, and Sunday each week.

36.     Plaintiff's regular work shift was from 7:30 PM to 5:30 AM Thursday and Friday nights and from 12:00 to 10:00 PM on Sunday nights.

37.     In addition to her regularly scheduled three (3) shifts a week – at least once a month Plaintiff would work an additional shift, resulting in her working four (4) shifts a week those weeks.

38.     In addition to her shifts at the American Bar, during the period 2013 to 2016, approximately, Defendants assigned Plaintiff to work at their Murray Bar on Saturday nights each week.

39.     At the Murray Bar, Plaintiff worked a double-shift from 12:00 PM Saturday to 5:30 AM Sunday each week.

40.     After Defendants closed the Murray Bar, Defendants assigned Plaintiff to work at their Marshall Street bar each Saturday evening.  Plaintiff worked at the Marshall Street bar for one to two years on Saturday nights and on other shifts when other bar tenders were out.

41.     Throughout her employment with Defendants, Plaintiff regularly worked through her lunch/meal breaks and did not take uninterrupted meal breaks of at least 30 minutes each shift.

42.     Throughout her employment with Defendants, Plaintiff did not have any supervisory duties, nor did she have the power to hire or fire any other employees of Defendants.

43.     Throughout her employment with Defendants, Plaintiff was closely supervised by Defendants and did not exercise discretion and independent judgment with respect to matters of significance.

6

44.     Plaintiff's duties included the following: serving and making drinks in a fast-paced environment, serving, and running food, wiping down tables between guests, ringing up customers, ensuring that all money was in the register, counted, and placed in Defendants' safe at the end of each shift.

45.     Except for a $25/shift cash payment that Defendants gave Plaintiff while she worked at Marshall Street Bar, Defendants did not pay Plaintiff or the FLSA Collective Action Members <u>any</u> wages - the only money that they earned was from tips.

46.     Throughout her employment with Defendants, Defendants treated Plaintiff and the FLSA Collective Action Members as exempt from minimum wages and overtime <u>and never paid them minimum wages or overtime pay</u>.

47.     Plaintiff and the FLSA Collective Action Members were entitled to be paid minimum wages and overtime pay.

48.     Defendants failed to pay Plaintiff and the FLSA Collective Action Members at the required minimum wage rates or at the required overtime rates for all hours they worked in excess of forty (40) in a workweek.

49.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and the FLSA Collective Action Members were not paid minimum wages and overtime premiums.

50.     Upon information and belief, Defendants knew that the nonpayment of minimum wages and overtime premiums would economically injure Plaintiff and the FLSA Collective Action Members, and that Defendants' pay practices violated the FLSA and the NYLL.

51.     Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

52.     Defendants failed to pay Plaintiff spread of hours pay as required by the NYLL.

53.     Defendant ROBERT J. GEROLA, JR regularly took Plaintiff's tips and illegally retained them for himself.

54.     Defendants took illegal deductions from Plaintiff's pay.

55.     Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

56.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

57.     Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

58.     At all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

59.     At all relevant times, Defendants failed to post and/or keep posted "a notice issued by the Department of Labor summarizing minimum wage provisions", in violation of 12 N.Y.C.R.R. §142-2.8.

60.     At all relevant times, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.     Defendants' record keeping and notice violations prevented Plaintiff from knowing her legal rights and from figuring out exactly how many hours she was not compensated for.

62.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and the FLSA Collection Action members were not paid all of their wages, including minimum wages and overtime premiums for all hours worked in excess of 40 hours in a week.

63.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CLAIM FOR RELIEF

**(Minimum Wages – FLSA – Brought by Plaintiff on Behalf of Herself & the FLSA Collective)**

64.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

65.     Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b).  See Exhibit "A" attached hereto.

66.     During the FLSA Collective Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

67.     During the FLSA Collective Period, Plaintiff and others similarly situated were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

68.     During the FLSA Collective Period, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

69.     During the FLSA Collective Period, Defendants' businesses have had annual gross revenues well in excess of $500,000.

70.     Defendants failed to pay Plaintiff and the FLSA Collective Action members the minimum wages to which they are entitled under the FLSA.

9

71.     The FLSA allows an employer to count tips received by an employee as wages ("tip credit allowance") in certain circumstances.  The employer must pay at least $2.13 per hour in direct wages and if an employee's tips plus the direct hourly wage do not equal at least the minimum wage of $7.25 per hour, the employer must make up the difference in direct wages.

72.     Under the FLSA, in order for an employer to claim the tip credit, the employer must (a) inform the employee regarding the tip credit allowance, (b) be able to show that the employee receives at least $7.25 per hour when direct wages and tips are added together, and (c) allow the employee to retain all tips.  The FLSA allows for a tip pooling arrangement, however, only among those employees who customarily and regularly receive tips and only those tips in excess of the tip credit may be included in the pool.  Inasmuch as "tips are the property of the employee", the FLSA forbids employers, management or other ineligible employees from retaining or receiving any portion of the tips.  Where an employer, management or an ineligible employee receives any part of the tips, no tip credit is allowed and the employer must pay the employee the full minimum wage per hour in direct wages and allow the employee to retain all of his or her tips.

73.     Defendants were not eligible to avail themselves of the tip credit allowance under the FLSA, 29 U.S.C. § 203(m), because Defendants (i) failed to pay Plaintiff and the FLSA Collective Members any wages, (ii) failed to inform Plaintiff and the FLSA Collective Member of the provisions of subsection 203(m) of the FLSA, (ii) did not allow Plaintiff and the FLSA Collective Member to retain all of the tips they earned, and (iii) themselves retained, and/or distributed to individuals who do not "customarily and regularly" receive tips, a portion of Plaintiff's and the FLSA Collective Members' tips.

74.     Further, Defendants did not inform Plaintiff and the FLSA Collective Members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

75.     During the FLSA Collective Period, Defendants violated the FLSA by developing a standard business practice of failing to pay minimum wages to the Plaintiff and the FLSA Collective Action Members and thereby violating the minimum wage requirements of the FLSA.

76.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and the FLSA Collective Members minimum wages for all hours worked.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 206.

77.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).  Further, because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the statute of limitations should be tolled.

78.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in amounts to be determined at trial and Plaintiff and the FLSA Collective Members are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

79.     On behalf of herself and the FLSA Collective Members, Plaintiff seeks unpaid minimum wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Overtime - FLSA -Brought by Plaintiff on Behalf of Herself & the FLSA Collective))**

80.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

81.     Defendants were required to properly pay Plaintiff and the FLSA Collective Members overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

82.     During the FLSA Collective Period, Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to the Plaintiff and the FLSA Collective Action Members and thereby violating the overtime requirements of the FLSA.

83.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and the FLSA Collective Action Members overtime at not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

84.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).  Further, because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the statute of limitations should be tolled.

85.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied overtime wages in amounts to be determined at trial and Plaintiff and the FLSA Collective Members are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

86.     On behalf of herself and the FLSA Collective Members, Plaintiff seeks unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

### (Failure to Pay Minimum Wages – NYLL)

87.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

88.     Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

89.     Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

90.     Defendants' bars offered food or beverage for human consumption on its premises, as set forth in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1.

91.     Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

92.     Defendants failed to pay Plaintiff for all hours worked at the basic minimum hourly wage rate pursuant to N.Y. Lab. Law § 652(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146.

93.     Moreover, Defendants failed to pay Plaintiff for all hours worked.

94.     Also as detailed above, Defendants actions were willful.

95.     Because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the NYLL 6 year statute of limitations should be tolled.

96.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants all unpaid wages due her for hours worked at the basic minimum wage hourly, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

### (Failure to Pay Overtime – NYLL)

97.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

98.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

99.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

100.    Because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the NYLL 6 year statute of limitations should be tolled.

101.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF

### (Spread of Hours Pay – NYLL)

102.    Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

103.    Defendants failed to pay Plaintiff an additional hour's pay at the basic minimum hourly wage rate for each such day that Plaintiff worked and the spread of hours exceeded ten hours in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

104.    Because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the NYLL 6 year statute of limitations should be tolled.

105.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF

### (Illegal Deductions, Tips – NYLL §195)

106.    Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

107.    Defendants regularly took portions of Plaintiff's tips for themselves.

108.    Defendants took illegal deductions from Plaintiff's tips, gratuities and wages.

109.    Because of a prior action that was filed against Defendants in this Court – *Lana Mollere, on behalf of herself and all others similarly situated, against The All American Bar on First Avenue Inc. d/b/a American Bar et. al,* 14 CV 7095, Southern District of New York – the NYLL 6 year statute of limitations should be tolled.

110.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## SEVENTH CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195)**

111.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112.    Defendants have willfully failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the language identified by Plaintiff as her primary language, containing her rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

113.    Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate of pay and overtime rate of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

114.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workday that the § 195(3) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $100 dollars for each workday that the § 195(1) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Plaintiff prays for relief as follows:

(a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(b)    An award of unpaid minimum wages, wages (including tips), and overtime compensation due under the FLSA and the NYLL;

(c)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, wages (including tips), and overtime compensation pursuant to the NYLL;

(e)    Statutory penalties pursuant to the NYLL;

(f)    Costs and expenses of this action, together with reasonable attorneys' fees;

(g)    Pre-Judgment and post-judgment interest, as provided by law; and

(h)    Such other and further relief as this Court deems just and proper.

DATED:        January 5, 2021                Respectfully submitted,

                                            HARRISON, HARRISON & ASSOCIATES, LTD.

                                            _/s/ David Harrison_____

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 791-9171 Fax
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff*