# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY 10004
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
dharrison@nynjemployementlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ 07701

January 19, 2022

**VIA ECF**

Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

A telephonic status conference in this case will be held on January 27, 2022 at 3:00 PM. The dial-in is 888-363-4749, and the access code is 2682448. The parties should be prepared to discuss the issues in their respective letter motions and the Defendant Gerola deposition testimony.

SO ORDERED:

*/s/ Vernon S. Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

01/25/2022

Re:   *Butler v. The All American Bar et. al.* 1:21-cv 00164

Dear Judge Cave:

Our office represents Plaintiff and the opt-in Plaintiff Ian Hannah ("Plaintiffs") in the above-referenced matter and we write this letter-motion in support of Plaintiffs' request (i) to amend their complaint, in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, to add Louise Demarco and Claudine Orourke as defendants in this case[1], and (ii) that the Court order Defendants to disclose the details of a FLSA settlement entered into by Defendants with another bartender in 2015.

## Background

Plaintiffs both worked as long-term bartenders at The All American Bar On First Avenue Inc., d/b/a/ American Bar (the "American Bar") and were never paid _any_ wages. Plaintiffs brought this suit to recover minimum wages, overtime, spread of hours, and tips that were improperly taken from them, as well as statutory penalties, liquidated damages, attorneys' fees and costs. Defendants deny that they violated the law.

## Motion To Amend Their Complaint

At his deposition last week, Defendant Robert Gerola testified that, contrary to Plaintiffs' belief, he and Defendant Robert O'Rourke were not the owners of American Bar. Instead, he testified that his mother, Louise Demarco, and Claudine Orourke, the wife of Mr. O'Rourke,

---

[1] Plaintiffs would also then amend the caption and complaint to formally add opt-in Plaintiff Ian Hannah as a named Plaintiff.

were the owners of American Bar.  He also testified that Louise and Claudine were the President and Vice President of American Bar, and that they were both involved in decisions involving the operation of the bar[2].  Discovery has also shown that American Bar's liquor license was maintained in their names.  *See* attached Exhibit "A".

Rule 15(a)(2) requires that "the court should freely give leave [to amend a complaint] when justice so requires."  F.R.C.P. 15(a)(2).  As Judge Crotty held:

> "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007).  The court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Under Rule 15(a), "[t]he court should grant leave absent some reason" to the contrary. *McGee v. Dunn,* 940 F.Supp.2d 93, 108–09, No. 09 Civ. 6098(FPS), 2013 WL 1628604, at *12 (S.D.N.Y. Apr. 16, 2013); *see Anthony v. City of New York,* 339 F.3d 129, 138 n. 5 (2d Cir.2003) ("[W]e have interpreted [Rule 15(a) ] in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice.").  Pursuant to Federal Rule of Civil Procedure 21, joinder of additional parties is appropriate "at any time, on just terms."  This liberal standard is the same as that under Rule 15(a).  *See Smith v. Manhattan Club Timeshare Ass'n, Inc.,* 944 F.Supp.2d 244, 256–57, No. 12 Civ. 6363(PKC), 2013 WL 1955882, at *9 (S.D.N.Y. May 10, 2013)

*Salomon v. Adderley Industries, Inc.,* 960 F.Supp.2d 502, 506–07 (S.D.N.Y., 2013)

There has been no undue delay here.  Plaintiffs first learned this new information only one week ago at a deposition taken last week.  Furthermore, Defendants will suffer no prejudice, as they have always been aware of Louise Demarco's and Claudine Orourke's involvement in the operations of American Bar.

In light of the above, we respectfully request that the Court allow Plaintiffs to amend their Complaint to add Louise Demarco and Claudine Orourke as defendants in this case.  Alternatively, we respectfully request a conference to address same.

### **Production of FLSA Settlement of Plaintiffs' Co-Worker**

During last week's deposition of Defendant Gerola, a dispute arose in connection with questions that were asked by Plaintiffs' Counsel in connection with another FLSA case filed against Defendants by Lana Mollere.  Ms. Mollere – a former bartender for Defendants who worked with both Plaintiffs – filed a lawsuit (*Lana Mollere v. The All American Bar on First Avenue Inc*. et al, 1:14-cv-07095-JGK) in this Court against Defendants in 2014.  The docket indicates that the case settled in early 2015.  *See* Exhibit "B".  At the deposition, Defendants' Counsel instructed Defendant Gerola not to testify about what he phrased a "confidential settlement" involving the

---

[2] Mr. Gerola testified that Claudine Orourke was "very involved" in the operations of American Bar.

*Mollere* case on the grounds that the settlement contains "confidential information" and disclosure of the settlement terms would result in a "breach of contract"…

Contrary to Defendants' Counsel's argument, "[t]he overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential." *Arango v. Scotts Company, LLC*, 2019 WL 117466, at *3 (S.D.N.Y., 2019)(citing *Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014) and *Nights of Cabiria*, 96 F. Supp. 3d at 177 (same). As Judge Karas explained:

> … a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of the FLSA, namely, to ensure that workers are aware of their rights. *See Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("Non-disclosure provisions in FLSA agreements… contravene well-established public policy because they undermine one of the FLSA's primary goals: to ensure that all workers are aware of their rights." (internal quotation marks omitted) ); *Mahalick v. PQ N.Y. Inc.*, No. 14-CV-899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (noting that "provisions that impose an obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or settlement" run afoul of the purposes of the FLSA); *Nights of Cabiria*, 96 F. Supp. 3d at 179 (explaining that, "[p]ractically speaking," public filing of the settlement agreement in that case was "unlikely to benefit low-wage workers," who are more likely to "learn about [their] employment rights ... directly or indirectly from a co-worker or an outside organization"); *Camacho*, 2015 WL 129723, at *2 (noting that a "gag order" limiting discussion of the case "runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair" (internal quotation marks omitted) ); *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (finding that a nondisclosure agreement was "contrary to well-established public policy").

*Arango v. Scotts Company, LLC*, 2019 WL 117466, at *3 (S.D.N.Y., 2019).

In light of the above, we respectfully request that the Court order Defendants to produce the full unredacted settlement agreement from the *Mollere* case.

We thank the Court for its attention to this matter.

                                                 Respectfully Submitted,

                                                 /S/ DAVID HARRISON
                                                 David Harrison

cc: All counsel of record (via ECF)