UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLA BUTLER and IAN HANNAH,

                Plaintiffs,

-v-

THE ALL AMERICAN BAR ON FIRST AVENUE INC., 58 E. 34TH ST. WINGS LODGE INC., ROBERT J. GEROLA, JR., ROBERT O'ROURKE, CLAUDINE M. O'ROURKE, and LOUISE DEMARCO

                Defendants.

CIVIL ACTION NO.: 21 Civ. 164 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On June 7, 2022, the Honorable Vernon S. Broderick referred this matter to me for general pretrial supervision and specifically to resolve the discovery disputes raised in the parties' letters at ECF Nos. 59 and 60. (ECF No. 62). On February 11, 2022, the Court scheduled a Telephone Conference for today, February 25, 2022, at 11:00 am to discuss the discovery disputes. (ECF No. 63). Plaintiffs' counsel appeared for the conference. Defendants' counsel, however, failed to appear. Having reviewed the parties' letters and analyzed the parties' arguments, the Court orders as follows:

1. Defendants' request for an order compelling Plaintiffs to supplement their responses to Defendants' requests for production, (ECF No. 59 at 2–3) is DENIED. While Defendants claim that Plaintiffs have "not produced a single document in response to defendants' document demands," they concede that Plaintiffs did produce documents and that Plaintiffs' responses to Defendants' requests for production specifically reference those documents. (Id. at 2–3). Defendants do not argue—

much less establish—that there is a basis to believe additional documents exist. See Am. Banana Co. v. Republic Nat'l Bank of N.Y., N.A., No. 99 Civ. 1330 (AGS), 2000 WL 521341, at *3 (S.D.N.Y. May 1, 2000) (noting that "the Court cannot compel production of what does not exist").  Moreover, Defendants will be able to explore the existence of any additional documents at Plaintiffs' depositions and make post-deposition demands if appropriate.

2. Defendants' request for an order compelling Plaintiffs to respond to Defendants' interrogatories Nos. 1, 2, 4–7, 9–12, and 14–17 (ECF No. 59 at 3) is DENIED.  Those interrogatories fail to comply with the Court's Local Civil Rule 33.3, which, absent Court approval, restricts interrogatories "to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . ."  Loc. Civ. R. 33.3.  Defendants' argument that these interrogatories "relate to the names of what knowledge alleged witnesses may have" [sic] and are "inextricably intertwined and necessary to the computation of each category of damages alleged, and the existence, custodian, location and general description of relevant document [sic]" is overstated.  In any event, "[a] more efficient means of obtaining [the requested] information would be for [Defendants] to pose questions to" Plaintiffs at deposition.  Rouviere v. DePuy Orthopaedics, Inc., No. 18 Civ. 4814 (LJL) (SDA), 2020 WL 1080775, at *3 (S.D.N.Y. Mar. 7, 2020) (denying request to compel responses to interrogatories).

3. Defendants' request for an order compelling Plaintiffs to produce their tax returns (ECF No. 59 at 3) is DENIED. "In order for a court to compel discovery of income tax returns, a two-pronged test must be met: 'first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.'" Agerbrink v. Model Serv. LLC, No. 14 Civ. 7841 (JPO) (JCF), 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) (quoting Sec. and Exch. Comm'n v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985)). Here, Defendants have failed to satisfy both factors. First, contrary to Defendants' argument that the tax returns "are relevant to how [Plaintiffs] classified [their] status at the Bar" (ECF No. 59 at 3), "[n]othing in the relevant factors under either the FLSA or the NYLL suggests that the worker's subjective perceptions are relevant" to whether a worker is an employee or an independent contractor. Agerbrink, 2017 WL 933095, at *7 (denying motion to compel production of the plaintiffs' tax returns). Second, "[t]o the extent that it is relevant whether [Plaintiffs] filed tax returns as an employee or as an individual contractor, this information may easily be obtained" by deposition. Id.

4. By **March 14, 2022**, the parties shall file a joint letter regarding any additional discovery that is required in light of Plaintiffs' Amended Complaint (ECF No. 64). To the extent the parties disagree, they may set forth their respective positions without argument.

5. A telephone conference is scheduled for **Wednesday, March 16, 2022 at 10:00 am** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

Dated: New York, New York
February 25, 2022

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

4