# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

July 29, 2022

**VIA ECF**

Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Butler v. The All American Bar et. al.* 1:21-cv 00164

Dear Judge Cave:

    We represent Plaintiffs Alla Butler, Ian Hannah, and Edith Zagrod ("Plaintiffs") in the above-referenced matter and we write in accordance with the Court's July 22nd Order (ECF No. 97). Attached is the revised, corrected, Settlement Agreement signed by all parties. Further, this is to confirm that the three individual Defendants, except Louise DeMarco, have signed the confessions of judgment and provided same to our law firm to hold in escrow pursuant to the terms of the Settlement Agreement.

    We thank the Court for its attention to this matter.

                                       Respectfully submitted,
                                       /S/ DAVID HARRISON
                                       David Harrison

cc: All Counsel of Record (VIA ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLA BUTLER, IAN HANNAH, & EDITH ZAGROD<br><br>        Plaintiffs,<br><br> -against-<br><br>THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR, 58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR, ROBERT J. GEROLA, JR a/k/a ROBERT GEROLA, ROBERT O'ROURKE, CLAUDINE M. O'ROURKE a/k/a CLAUDINE M. OROURKE & LOUISE DEMARCO,<br><br>        Defendants. | Case No. 1:21-cv 00164 (VSB)(SLC) |

## SETTLEMENT AGREEMENT

  **WHEREAS,** Plaintiffs ALLA BUTLER, IAN HANNAH, & EDITH ZAGROD ("Plaintiffs") filed or joined in the above-captioned action against Defendants THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR, 58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR, ROBERT J. GEROLA, JR a/k/a ROBERT GEROLA, ROBERT O'ROURKE, CLAUDINE M. O'ROURKE a/k/a CLAUDINE M. OROURKE & LOUISE DEMARCO ("Defendants") in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:21-cv-0164-VSB-SLC ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and non-party to the Action Lava 164 Corp, d/b/a Marshall Street, previously located at 306 E 49th St., New York, New York 10017 ("Marshall Street");

  **WHEREAS**, Defendants have denied and continue to deny all allegations and claims made, or could be made by Plaintiffs against them in their entirety;

  **WHEREAS,** Plaintiffs and Defendants (together with Marshall Street, collectively, the "Parties") desire to fully and finally resolve all claims asserted in the Action or which could have been asserted in the Action based on the facts alleged in all of the pleadings filed in the Action, including but not limited to retaliation claims asserted by Plaintiff ZAGROD;

  **WHEREAS,** the Parties engaged in good faith negotiations at arm's-length and exchanged detailed damages calculations for settlement purposes;

  **WHEREAS,** with the assistance of the Court, the Parties reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the Parties; and

1

**WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, and assigns, and Defendants and Marshall Street agree as follows:

1. **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their attorneys, Harrison, Harrison & Associates, Ltd. ("Plaintiffs' Counsel"), in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider Plaintiffs' counsel's advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability.** The Parties hereto recognize and agree that Defendants and Marshall Street do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of this Action that: (i) are set forth in the pleadings, including without limitation the Second Amended Complaint, filed by Plaintiffs in the Action; (ii) expressly raised or could have been raised in the Action; or (iii) otherwise involve Plaintiffs' purported employment relationship with Defendants and Marshall Street and/or the separation or termination of Plaintiffs' purported employment relationship with Defendants and Marshal Street. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement, or to prove the assigning of certain rights by Defendants to Plaintiffs as set forth herein.

3. **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (i) to dismiss Defendants from the Action with prejudice or cause Defendants to be dismissed from the Action with prejudice; (ii) not to re-file the causes of action against Defendants or Marshall Street asserted in the Action, or any other causes of action that could have been asserted against Defendants or Marshall Street in the Action based upon the facts set forth in the Second Amended Complaint; and (iii) not to institute any action against Defendants or Marshall Street based on any wage, overtime and or hour claims that may, or could have existed on or prior to the date that Plaintiffs execute this Agreement and which are released by this Agreement – except that in the event of a breach by Defendants of this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"), and shall request that the United States District Court for the Southern District of New York retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. To that end, the Parties shall authorize their attorneys to sign the Stipulation and (Proposed) Order Approving FLSA Settlement and

Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit A. Plaintiffs shall file the Dismissal Order with the United States District Court for the Southern District of New York, and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of Defendants from the Action with prejudice.

4. **Consideration.**

A. For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the releases contained in Section 5 below, and subject to an order by the Court approving the terms and conditions of this Agreement, Defendants – except Louise DeMarco - agree to pay to Plaintiffs' attorneys the maximum total sum of One Hundred Two Thousand and Five Hundred Dollars and Zero Cents ($102,500.00) ("Settlement Payment") in full and final satisfaction of all issues, as described herein, between the Parties, including but not limited to, Plaintiffs' claims of alleged unpaid wages, statutory penalties, attorneys' fees, costs, interest, and liquidated damages. The Settlement Payment shall be made as follows:

B. Each Settlement Payment shall be delivered to Plaintiffs' Counsel – via overnight mail to Plaintiffs' Counsel's Red Bank, NJ office or via wire/ACH payment to Plaintiffs' Counsel's escrow account (to be supplied) - and Plaintiffs' Counsel shall be responsible for distributing the Settlement Payment to Plaintiffs and the Defendants and/or Marshall Street shall have no further obligations following satisfaction of the Settlement Payment.

C. One (1) initial payment of $32,000.00 shall be made ten days after Court approval of this Agreement by the filing of the Dismissal Order,

D. Eleven (11) monthly payments each in the amount of $2,000.00 due on the first of each month, starting July 1, 2022, and continuing until and including May 1, 2023 – for a total of $22,000.00,

E. One (1) payment of $15,000.00 shall be made on or before June 1, 2023,

F. Twelve (12) monthly payments each in the amount of $2,000.00 due on the first of each month, starting July 1, 2023, and continuing until and including June 1, 2024 – for a total of $24,000.00,

G. One (1) payment of $9,500.00 shall be made on or before June 1, 2024,

H. Notwithstanding anything to the contrary, in the event that the Court has not approved this Agreement prior to the payment dates referenced above, Harrison, Harrison & Associates, Ltd. shall hold the payments in escrow until the Court approves this Agreement; once the Agreement is approved, Harrison, Harrison & Associates, Ltd, may distribute the payments to themselves and Plaintiffs. If this Agreement is not approved by the Court for any reason, Harrison, Harrison & Associates, Ltd. Shall immediately return, no later than 3 days upon written notice, to counsel for Defendants, Michael A. Leon, Esq., all monies held in escrow on behalf of Defendants and Marshall Street in connection with this Agreement.

I. Concurrently with the execution of this Agreement, each of the individual Defendants – except Louise DeMarco - shall cause to be executed and delivered to Plaintiffs' Counsel a confession of judgment ("Confession of Judgment") in the forms annexed hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' Counsel, and will not be entered and/or filed at any time other than in the event that Defendants both (a) fail to make payment on or before the date payment becomes due according to the terms herein and (b) fails to cure such default by ensuring Plaintiffs' Counsel's actual receipt of the delinquent payment within seven (7) days of receipt of written notice (to be delivered to Defendants' counsel Michael A. Leon, Esq., via email at mleon@alblawfirm.com of such default (a "Default Event"). Any such Notice of Default may be emailed to the address above and deemed received as of the date it is actually sent. Notwithstanding the foregoing and without limiting any right or remedy, in the event any Settlement Payment is not timely made or cured according to the terms herein, Plaintiffs may file the Confessions of Judgment immediately and seek the outstanding amount of the Settlement Payment, plus reasonable attorneys' fees and costs - incurred as a result of Defendants' breach of the Settlement Agreement - to be paid in one lump sum. Upon full payment of the monies due pursuant to this Agreement, Plaintiffs, by and through their attorneys, shall destroy the original Confessions of Judgment and provide written notice to counsel for Defendants, Michael A. Leon, Esq., at the email address above and contained herein.

5. **Release by Plaintiffs.** For and in consideration of the promises of Defendants and Marshall Street set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns, or any other person or entity acting, could act, on their behalf, hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants and Marshall Street from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to the facts and claims asserted by Plaintiffs in the pleadings filed in the Action against Defendants or that could have been raised by Plaintiffs against the Defendants or Marshall Street, based on the facts asserted in the Action, pleadings or any letters to the Court, including but not limited to claims for retaliation, or whether such other claims known or unknown, that could have been brought, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the date that each Plaintiff executes this Agreement. Defendants, on behalf of themselves and all of their agents, heirs, executors, administrators, affiliates, and assigns, reciprocally fully and forever release each of the Plaintiffs from any and all liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of their execution of this Agreement.

6. **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiffs expressly understand and agree that, except as specifically provided in this Agreement, Plaintiffs are not entitled to any payments and/or benefits from Defendants or Marshall Street, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, overtime charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees

or any other payment or benefit released pursuant to Paragraph 5 of this Agreement, through the date that Plaintiffs execute this Agreement.

7. **Non Disparagement.** Each of the Parties hereby agree not to make any statement about any other party that is disparaging or defamatory. except that nothing in this section shall apply with respect to, or prohibit Plaintiffs from sharing, truthful information regarding this litigation.

8. **Governing Law**. This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

9. **Prevailing Party Fees.** Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

10. **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable, the remaining provisions shall continue in full force and effect.

11. **Important Acknowledgments.** It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recitals but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiffs and referenced herein, constitutes a fair and reasonable resolution of a *bona fide* dispute over provisions of the FLSA, the NYLL, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the date that each Plaintiff executes this Agreement, that was or could have been subject to the Act. Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

13. **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing that is signed by all of the Parties hereto and specifically references this Agreement.

14. **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

16. **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties. Each executed Agreement, when taken together, shall constitute a complete Agreement. Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes. Moreover, any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

17. **Knowing and Voluntary Release of Claims**. The Parties acknowledge that:

    A. The Parties have carefully read and fully understand all of the provisions of this Agreement;

    B. The Parties understand that all of the consideration exchanged herein is received for signing this Agreement and is solely described in the Agreement itself, and no other promises or representations have been made to cause the Parties to sign it;

    C. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    D. The Parties knowingly and voluntarily intend to be legally bound by this Agreement;

    E. The Parties were advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

    F. The Parties are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and

    G. Plaintiffs have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

Date: 7/26/2022                                  _____
                                                 ALLA BUTLER

Date: 7/26/2022                                  _____
                                                 IAN HANNAH

Date: 7/26/2022                                  _____
                                                 EDITH ZAGROD


Date: _____                            _____
                                                 THE ALL AMERICAN BAR ON FIRST
                                                 AVENUE INC. d/b/a AMERICAN BAR

Date: _____                            _____
                                                 58 E. 34TH ST. WINGS LODGE INC. d/b/a
                                                 MURRAY BAR

Date: _____                            _____
                                                 ROBERT J. GEROLA, JR

Date: _____                            _____
                                                 ROBERT O'ROURKE

Date: _____                            _____
                                                 LOUISE DEMARCO

Date: _____                            _____
                                                 CLAUDINE M. O'ROURKE

Date: _____                            _____
                                                 LAVA 164 CORP, d/b/a MARSHALL
                                                 STREET

| | |
|---|---|
| Date: _____ | _____<br>ALLA BUTLER |
| Date: _____ | _____<br>IAN HANNAH |
| Date: _____ | _____<br>EDITH ZAGROD |
| Date: _____ | _____[signature]_____<br>THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR |
| Date: _____ | _____[signature]_____<br>58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR |
| Date: 07/25/2022 | _____[signature]_____<br>ROBERT J. GEROLA, JR |
| Date: 07/25/2022 | _____[signature]_____<br>ROBERT O'ROURKE |
| Date: 7/28/2022 | _____[signature]_____<br>LOUISE DEMARCO |
| Date: 07/25/2022 | _____[signature]_____<br>CLAUDINE M. O'ROURKE |
| Date: _____ | _____[signature]_____<br>LAVA 164 CORP, d/b/a MARSHALL STREET |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLA BUTLER, IAN HANNAH, & EDITH ZAGROD<br><br>        Plaintiffs,<br><br> -against-<br><br>THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR, 58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR, ROBERT J. GEROLA, JR a/k/a ROBERT GEROLA, ROBERT O'ROURKE, CLAUDINE M. O'ROURKE a/k/a CLAUDINE M. OROURKE & LOUISE DEMARCO,<br><br>        Defendants. | 21 Civ. 00164 (SLC)<br><br><br>**STIPULATION AND (PROPOSED) ORDER APPROVING FLSA SETTLEMENT AND DISMISSING <u>THIS ACTION WITH PREJUDICE</u>** |

   **WHEREAS,** Plaintiffs ALLA BUTLER, IAN HANNAH, and EDITH ZAGROD ("<u>Plaintiffs</u>") filed or joined in the above-captioned action against Defendants THE ALL AMERICAN BAR ON FIRST AVENUE INC. d/b/a AMERICAN BAR, 58 E. 34TH ST. WINGS LODGE INC. d/b/a MURRAY BAR, ROBERT J. GEROLA, JR a/k/a ROBERT GEROLA, ROBERT O'ROURKE, CLAUDINE M. O'ROURKE a/k/a CLAUDINE M. OROURKE & LOUISE DEMARCO ("<u>Defendants</u>") in the above-captioned case and non-party Lava 164 Corp, d/b/a Marshall Street, previously located at 306 E 49th St., New York, New York 10017 ("<u>Marshall Street</u>"), hereby agrees to be bound (Defendants, Plaintiffs and Marshall Street, collectively, the "Parties");

   **WHEREAS,** the Parties have entered into a Settlement Agreement, dated ▆▆▆▆▆▆▆, 2022 ("Agreement"), memorializing the terms of the Parties' settlement; and

   **WHEREAS,** this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a *bona fide* dispute over a provision or provisions of the Fair Labor

9

Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for Plaintiffs and Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that all claims asserted against Defendants in this action are dismissed with prejudice, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

| | |
|---|---|
| **HARRISON, HARRISON & ASSOCIATES, LTD.** | **ADAM LEITMAN BAILEY, P.C.LLP** |
| By: __/s/ David Harrison_____<br>David Harrison, Esq.<br>110 Highway 35, 2nd Floor<br>Red Bank, NJ 07748<br>Telephone: (718) 799-9111<br>dharrison@nynjemploymentlaw.com<br>*Attorneys for Plaintiffs* | By: _/s/ Michael A. Leon_____<br>Michael A. Leon, Esq.<br>One Battery Park Plaza, 18th Floor<br>New York, New York 10004<br>Telephone: (212) 825-0365 ext. 6941<br>mleon@alblawfirm.com<br>*Attorneys for all Defendants Except Louise DeMarco* |
| **MAKER, FRAGALE & DI COSTANZO, LLP.** | |
| By:___ /s/ Constantino Fragale_____<br>Costantino Fragale, Esq.<br>350 Theodore Fremd Avenue<br>Rye, New York 10580<br>cfragaleesq@mfd-law.com<br>Telephone: (914) 925-1010<br>*Attorneys for Defendant Louise DeMarco* | |

SO ORDERED.

_____

10

# EXHIBIT B

1